IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONTRAY L. BROWN,

    **Plaintiff,**

v.                                             CASE NO. 24-3109-JWL

BRENDA K. STOSS, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Dontray L. Brown is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein. Plaintiff is also given the opportunity to file a second amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Saline County Jail in Salina, Kansas. Plaintiff is currently out of custody. On July 24, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 11) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies. Plaintiff has filed an Amended Complaint (Doc. 12). The Court's screening standards are set forth in the MOSC.

The Court provided Plaintiff with the court-approved form and instructions for filing a § 1983 action. However, Plaintiff failed to submit his Amended Complaint on the court-approved form that was provided.

1

Plaintiff alleges in his Amended Complaint that state court judges failed to follow judicial procedure and ordered the immediate possession and/or seizure of Plaintiff's real property—a 1976 Cent HT Mobile Home. (Doc. 12, at 4.)  Plaintiff alleges that the Saline County Sheriff's Department and Jane/John Doe are responsible for the commencement of the seizure of his property. *Id*.  Plaintiff alleges that the District Court of Saline County, Kansas, and judicial officers allowed an unconstitutional procedure to commence in their courtrooms. *Id*. at 5.

Plaintiff alleges that he was illegally detained in the SCJ, and Saline County Sheriff's Department transportation officers violated Plaintiff's due process "pertaining to producing warrants with state seal and or the lodging of detainers." *Id*.  Plaintiff claims that a Saline County Municipal Court Judge "is not only responsible for four multiple unlawful arrest(s) & detainment(s), but the recently imposed sentenced [sic] of 180 days that was ultimately overturned by Habeas Corpus." *Id*. at 6.

Plaintiff names as defendants:  Brenda K. Stoss, Saline County Municipal Court Judge; Paul J. Hickman, Saline County District Court Judge; Jacob E. Peterson, Saline County District Court Judge; Jared B. Johnson, Saline County District Court Judge; John A. Reynolds, Reynolds Law Office; Ellen M. Turner, Westwood Mobile Court; Scott Reed, Kansas Department of Revenue; Jane or John Doe, Saline County Sheriff's Department; Andrea Swisher, Saline County District Court Judge; Amy Norton, Saline County District Court Judge; (fnu) Yates, Saline County Sheriff's Office Transportation Officer; and (fnu) Garcia, Saline County Sheriff's Office Transportation Officer.  Plaintiff seeks declaratory relief, an award of his Notice of Claims; and injunctive relief "including the consolidation of the appeals filed in case number(s) 2022-CR-

000299 and 2022-CR-000337 per Fed. R. Civ. P. 42(a)(1)(2)(3) & 28 U.S.C. 1331." *Id*. at 31–32.

Plaintiff's claims focus on a 2022 action to either repossess or quiet title to Plaintiff's mobile home. *See* Doc. 12, at 13. Plaintiff claims that a default judgment was entered against him on August 5, 2022, but then Defendants Johnson, Reynolds, Turner, and Reed, "decided that maybe it would be best to reopen the matter under a new docket number," disregarded all prior orders (in Case Number 2022-LM-000624), and opened docket number SA-2022-CV-000201. *Id*. at 15. Plaintiff alleges that Defendant Turner, and her attorney—Defendant Reynolds—filed a petition to quiet title of the mobile home. *Id*. On February 9, 2023, an order of default judgment was entered. *Id*. at 16. Several documents were entered by both parties, "but none that would afford or extend the security of [Plaintiff's] constitutional right(s) as an [sic] U.S. citizen." *Id*.

Plaintiff also alleges a claim based on his extradition from Erie, Pennsylvania, to the SCJ on April 25, 2024.[1] *Id*. at 18. Plaintiff alleges that there was no detainer or hold on him from the State of Kansas. *Id*. at 19. Plaintiff alleges that John Doe from the Saline County Sheriff's Department arrived on April 23, but Plaintiff questioned the legality of the transfer, expressed concerns about the warrant, and requested a valid "state sealed, dated, and signed" warrant. *Id*. at 20. John Doe made a call to address the concerns and then told Erie Co. Prison Staff that it was not possible to obtain a valid warrant and John Doe returned to Kansas. *Id*. Saline County Sheriff's Department Officers Yates and Garcia returned to Erie to transport Plaintiff to Kansas. *Id*. Plaintiff alleges that a dispute about the "blank invalid complaint(s) and 'not actual warrant(s)'" ensued and the officers became irate and one of them stated "you're getting in the

---

[1] In the following sentence, Plaintiff references April 2023. (Doc. 12, at 19.)

van whether we have to tie you up or whatever." *Id*. at 21.  Plaintiff calmed the situation and asked Officer Yates to turn all the pages of the "alleged warrant" toward his body camera and to go through them to show no Kansas seal was present, no actual signature or date of signature for approval by any issuing authority could be seen, and that the procedure was not compliant with law. *Id*. at 22.  After Yates went through each page in vision of his body cam, Plaintiff loaded into the van and was transported to the SCJ. *Id*.

As Count I, Plaintiff alleges violations of his 4th, 5th, 6th, and 14th Amendment rights by all the Defendants based on his allegations.  (Doc. 12, at 27.)  As Count II, Plaintiff alleges that Jane/John Doe commenced an unlawful seizure of his property without due process in violation of his 4th, 5th, and 14th Amendment rights. *Id*. at 28.  As Count III, Plaintiff alleges that Defendant Scott Reed (Kansas Department of Revenue) had already denied the request to quiet title, but then later "in a secret and or private conference decide[d] to go along with the unconstitutional proceedings." *Id*.  As Count IV, Plaintiff alleges "vexatious litigation, hardship, mental anguish, breach of contract legal malpractice, and fraud" against Defendants John A. Reynolds and Ellen M. Turner. *Id*. at 29.  As Count V, Plaintiff alleges "false imprisonment" by Judges Swisher and Norton, and Officers Yates and Garcia, claiming they were aware that there was "no official order for [Plaintiff's] arrest by any presiding judicial officers" and they continued the unconstitutional procedure "knowingly using a complaint as the arresting warrant(s) for prosecution." *Id*. at 29–30.  As Count VI, Plaintiff alleges malicious prosecution and false imprisonment by Judge Stoss, alleging that she not only disregarded the order regarding the PFA and its dismissal, but also allowed the dismissal order to be used as evidence of PFA violations. *Id*. at 31.

## II. DISCUSSION

Plaintiff's Amended Complaint is not on the court-approved form that was provided to him. It also fails to cure the deficiencies noted in the Court's MOSC. The Court will give Plaintiff one last opportunity to submit an amended complaint on the court-approved form. Any amended complaint must cure the deficiencies noted in the MOSC and in this Memorandum and Order to Show Cause.

The Court found in the MOSC that the defendant judges are entitled to personal immunity. "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)). The Court found in the MOSC that Plaintiff's claims against the judges should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994); *see also Nelson v. Skehan*, 386 F. App'x 783, 787 (10th Cir. 2010) (unpublished) (finding municipal judge absolutely immune from suit) (citing *Stein v. Disciplinary Bd. of Sup. Ct.of N.M.*, 520 F.3d 1183, 1190 (10th Cir. 2008)); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188–90 (10th Cir. 2003) (finding dismissal of claims against municipal judge on immunity grounds was proper, and finding that municipal judge obtains authority from state law and was not a municipal policymaker for purposes of § 1983 liability). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial

immunity.  *Stump*, 435 U.S. at 356–57.

Despite the Court's findings in the MOSC that the three judges named in Plaintiff's original Complaint were entitled to judicial immunity, Plaintiff names six state court judges as defendants in his Amended Complaint.  Plaintiff alleges no facts whatsoever to suggest that any of the defendant judges acted outside of their judicial capacity. Plaintiff should show good cause why his claims against the defendant judges should not be dismissed based on immunity.

Plaintiff also names as defendants a private citizen (Ellen M. Turner) and her attorney (John A. Reynolds), who were involved in his state proceedings to quiet title.  Plaintiff's claims against Turner and Reynolds relate to Case No. SA-2022-CV-000201 in the District Court of Saline County, Kansas, seeking to quiet the title on the 1976 Cent HT mobile home.  The Petition to Quiet Title was filed by Defendant Turner, and Defendant Reynolds represented Turner in the action.  The Kansas Department of Revenue was also named as a defendant in the action, and it was represented by Scott Reed—whom Plaintiff has also named as a defendant in this civil rights case.  On July 13, 2023, the Saline County District Court entered a Journal Entry finding that the case was previously decided on February 8, 2023, and that the defendants "have never filed any motion to set aside or a motion to reconsider or appeal of the Court's ruling." The Journal Entry also dismissed the Petition for Quiet Title and Motion for Default Judgment filed by Plaintiff.  The docket for Case No. SA-2022-CV-000201 reflects that the case is "post judgment" and does not reflect an appeal by Plaintiff or any other indication that the ruling has been set aside.

Plaintiff has not shown that Defendants Turner and Reynolds were acting under color of state law as required under § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff seeks to hold private actors accountable under § 1983 and does not plead that the defendants acted under color of state law.  Because Plaintiff's complaint fails to sufficiently allege they were acting under color of state law, this Court lacks jurisdiction over these defendants under § 1983.  *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim.").  Plaintiff does not allege that these individuals were witnesses.  "[A]ll witnesses enjoy absolute immunity from civil liability under § 1983 for their testimony in a prior trial." *Hunt v. Bennett*, 17 F.3d 1263 (10th Cir. 1994) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)).  Plaintiff's claims against these private citizens are subject to dismissal.

      The Court held in the MOSC that the Court may also be prohibited from hearing Plaintiff's claims regarding his state court criminal actions under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  The Court directed Plaintiff to clarify whether any of his proceedings are currently ongoing.  Part of Plaintiff's request for relief seeks injunctive relief in the form of an order consolidating "these instances including the consolidation of the appeals filed in case number(s) 2022-CR-000299 and 2022-CR-000337."[2]  (Doc. 12, at 31.)

      The Court notes that the docket for Case No. 2022-CR-000299 reflects that at the preliminary hearing on June 13, 2024, the court granted the State's motion to combine this case with Case No. 2022-CR-000337.  On July 2, 2024, the Saline County District Court entered a Journal Entry of Dismissal, dismissing the case "pursuant to consolidation of charges with case 2022-CR-000337."  The August 13, 2024 Journal Entry in Case No. 2022-CR-000337 provides

---

[2]  Plaintiff asks the Court to consolidate his state court appeals under Fed. R. Civ. P. 42.  However, the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts. . .." Fed. R. Civ. P. 1.  Rule 42 cannot be used to consolidate state court proceedings.

that Plaintiff pleaded no contest to Counts 1 and 2 and was sentenced to 30 days for each count to run concurrently. The Saline County District Court found that Plaintiff had served his sentence. Plaintiff filed a Notice of Appeal on August 13, 2024.

It is unclear whether Plaintiff's criminal cases are currently pending on appeal. Kansas Supreme Court Rule 2.04(a)(1), which is titled "Docketing an Appeal," provides: "No later than 60 days after a notice of appeal is filed in a district court, *the appellant* must complete or obtain and file with the clerk of the appellate courts" specific identified documents, including the notice of appeal. Kan. S. Ct. R. 2.04(a)(1) (emphasis added). Plaintiff should indicate whether or not his criminal cases are currently pending on appeal.

Because it appears that Plaintiff's state court proceedings may be ongoing, the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases,

8

would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

The Court also advised Plaintiff in the MOSC that any claim challenging his state sentence is not cognizable in a § 1983 action. To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v.*

9

*Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not shown that his criminal conviction has been overturned.

Plaintiff alleges that the detainer lacked a proper seal or signature, but does not explain how the detainer violated his constitutional rights. An attack on his detainer would also be barred by *Heck*. *See McKee v. Denning*, 2018 WL 398460, at *3 (D. Kan. 2018) ("If Plaintiff has been convicted and a judgment on Plaintiff's illegal detainer claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*."); *see also Moody v. LaValley-Hill*, 2021 WL 4745198, at *3 (E.D. Pa. 2021) ("Furthermore, to the extent [a plaintiff] seeks damages for harm caused by the detainer, those claims are not currently cognizable in a § 1983 action because success on those claims would imply the invalidity of the detainer, which has not yet been invalidated through proper channels.") (citing *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also McBride v. O'Brien*, 646 F. App'x 277, 278 (3d Cir. 2016) (*per curiam*) ("To the extent that McBride alleges that his confinement on the detainer violates federal law, a favorable outcome would necessarily demonstrate the invalidity of his detention."); *Jackson v. Alt*, 236 F. App'x 850, 851 (3d Cir. 2007) (*per curiam*) (plaintiff who sought damages for alleged due process and equal protection violations arising from what he

views as the improper issuance of a parole violator warrant, and the lodging of that warrant as a detainer, could not proceed under § 1983 because he has not successfully challenged the warrant in any state or federal proceeding) (citing *Heck*, 512 U.S. at 487); *Munofo v. Alexander*, 47 F. App'x 329, 331 (6th Cir. 2002) ("Munofo's § 1983 claim is not cognizable under *Heck* because 'a judgment in favor of the plaintiff would necessarily imply the invalidity' of the parole detainer at issue here."); *Antonelli v. Foster*, 104 F.3d 899, 900-01 (7th Cir. 1997) (*Heck* applied to damages suit for arrest based on federal parole violator warrant); *Zavalunov v. White*, Civ. A. No. 18-2438, 2020 WL 754415, at *6 (M.D. Pa. Feb. 13, 2020) (*Heck* "applies [to] detainer actions")).

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein, and in the Court's MOSC. Plaintiff is also given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3109-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the

11

amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant. If Plaintiff does not file a proper second amended complaint on the court-approved form within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 23, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein, and in the Court's MOSC at Doc. 11.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **December 23, 2024**, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated November 25, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE