*U.S. Dist. Ct. Ks.*                    *42 U.S.C. 1983*                    *Deprivation of Rights*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

DONTRAY L. BROWN,                           :

          Plaintiff                    <u>2nd AMENDED COMPLAINT</u>

       V.                    <u>JURY TRIAL DEMANDED</u>

               :

DIST. CT. SALINE CO.                    <u>CASE NO. 24-3109-JWL</u>
KANSAS, JACOB E.
PETERSON; IN HIS
OFFICIAL CAPACITY,                           :
DIST. CT. SALINE CO.
KANSAS, PAUL J.
HICKMAN; IN HIS
OFFICIAL CAPACITY,                           :
JARED B. JOHNSON;
IN HIS OFFICIAL
CAPACITY, JOHN A.
REYNOLDS OF                           :
REYNOLDS LAW
OFFICE; IN HIS
INDIVIDUAL
CAPACITY, ELLEN M.                           :
TURNER-WESTWOOD
MOBILE CT.; IN HER
INDIVIDUAL
CAPACITY, K.D.O.R                           :
SCOTT REED; IN HIS
OFFICIAL CAPACITY,

*Filed by: D. L. Brown Esq; Pro Se*                    *U.S. Dist. Ct. Topeka, Ks.*

*U.S. Dist. Ct. Ks.*        *42 U.S.C. 1983*        *Deprivation of Rights*

SALINE CO. SHERIFF
DEPT., JANE OR JOHN      :
DOE; IN HIS OR HER
OFFICIAL CAPACITY,
DIST. CT. SALINE CO.
KANSAS, ANDREA      :
SWISHER; IN HER
OFFICIAL CAPACITY, DIST.
CT. SALINE CO. KANSAS,
AMY NORTON; IN HER      :
OFFICIAL CAPACITY,
SALINE CO. SHERIFF
DEPT., TRANSPORTATION
OFFICERS YATES AND      :
GARCIA; IN THEIR
OFFICIAL CAPACITY,
SALINA KANSAS
MUNICIPAL CT. A.K.A.      :
CITY OF SALINA,
BRENDA K. STOSS; IN
HER OFFICIAL
CAPACITY, & APPELLATE      :
COURT KANSAS - ANTHONY
BUKATY, IN HIS OFFICIAL
CAPACITY; et al.
            Defendants

_____:_____

## **COMPLAINT**

*Filed by: D. L. Brown Esq; Pro Se*        *U.S. Dist. Ct. Topeka, Ks.*

*U.S. Dist. Ct. Ks.*            *42 U.S.C. 1983*            *Deprivation of Rights*

I, the Pro Se plaintiff Dontray L. Brown; for my complaint against

the defendants Dist. Ct. Saline Co. Kansas Jacob E. Peterson, Paul J.

Hickman, Jared B. Johnson, John A. Reynolds of Reynolds Law Office,

Ellen M. Turner of Westwood Mobile Ct., K.D.O.R. Scott Reed, Saline

Co. Kansas Sheriff Dept. Jane or John Doe, Dist. Ct. Saline Co. Kansas,

Andrea Swisher and Amy Norton; Saline Co. Kansas Sheriff Dept.

transportation officers Yates and Garcia, the Municipal Ct. of Salina,

Kansas a.k.a. City of Salina, Brenda K. Stoss, and Kansas Chief Deputy

Clerk of Court Anthony Bukaty; allege the following:

## **INTRODUCTION**

1. This action is for monetary damages, punitive damages, and

injunctive relief; all being brought pursuant to *42 U.S.C. 1983, 42 U.S.C.*

*1988, 28 U.S.C. 1331, 28 U.S.C. 1343, Fed. R. Civ. P. (4)(i)(2), Kansas*

*Tort Claim Act a.k.a. K.S.A. 75-6104 (a)(1)(2)(3);* and the *U.S. Const.*

*4th, 5th, 6th, and 14th Amd.*; with all federal and local laws being

*Filed by: D. L. Brown Esq; Pro Se*            *U.S. Dist. Ct. Topeka, Ks.*

*U.S. Dist. Ct. Ks.*          *42 U.S.C. 1983*          *Deprivation of Rights*

applicable against the defendants in their official and or individual

capacity.

  2. I, the plaintiff Dontray L. Brown, allege that defendant(s) Dist.

Ct. Saline Co. Kansas, Jacob E. Peterson failed to follow judicial

procedure when referring to K.S.A. 12-105b; deeming my claim as

moot, as if my incarceration in that matter was constitutional.

Defendants Dist. Ct. Saline Co. Ks., Paul J. Hickman unlawfully

ordered the immediate possession and or seizure of my real property,

being a 1976 Cent HT Mobile Home; vin 14482. I further allege that

named defendant(s) Jared B. Johnson, John A. Reynolds, Ellen M.

Turner, and K.D.O.R. Scott Reed also participated in the violation(s)

of my constitutional rights in these instance(s). Defendant(s) Saline

Co. Kansas Sheriff Dept. Jane and or John Doe is responsible for the

commencement of the seizure of my real property without *Due Process*

*of Law per U.S. Const. 4th, 5th, & 14th Amd.* (defendant(s) Saline Co.

*Filed by: D. L. Brown Esq; Pro Se*          *U.S. Dist. Ct. Topeka, Ks.*

*U.S. Dist. Ct. Ks.*              *42 U.S.C. 1983*          *Deprivation of Rights*

Kansas Sheriff Dept. will also be named as defendants in a latter

segment of the complaint).

   I further allege that the defendants Dist. Ct. Saline Co. Kansas,

Andrea Swisher & Amy Norton has infringed upon my constitutional

rights as a U. S. citizen, when referencing concerns of "Due Process of

Law;" as both judicial officers allowed an unconstitutional procedure

to be commenced in their courtroom(s). These allegations would be

established on the basis of the *U.S. Const. 4th, 5th, 6th, & 14th Amd.*;

question(s) of how myself, the plaintiff; was not only unlawfully

detained in Saline Co. Jail located in Salina, Ks 67401, but concern(s)

pertaining to the Uniform Criminal Extradition Act - Agreements on

Detainers when extraditing a fugitive from another territory or state.

I believe that defendants Saline Co. Ks. Sheriff Dept., transportation

officer(s) Yates and Garcia has violated due process pertaining to

producing warrants with state seal and or the lodging of detainers.

*U.S. Dist. Ct. Ks.*                    *42 U.S.C. 1983*            *Deprivation of Rights*

In rest of my allegations, I conclude with defendant(s) Salina

Municipal Ct. a.k.a. City of Salina, Brenda K. Stoss; in whom has on

several occasions, violated my rights to due process of the law

willingly and knowingly. Brenda K. Stoss is not only responsible for

four multiple unlawful arrest(s) & detainment(s), but the recently

imposed sentenced of 180 days that was ultimately overturned by

Habeas Corpus. In prevention or effort to cease the malicious

prosecutions and or vexatious litigations; A Writ of Mandamus in

these instances was filed with the Supreme/Appellate Court(s) of

Kansas, but relief was not granted accordingly in these matters.

## <u>JURISDICTION AND VENUE</u>

3.  This court has original jurisdiction pursuant to *28 U.S.C. 1331 and*

*1343* over plaintiff's cause of action arising under the Constitution of the

United States and *42 U.S.C. 1983* and pursuant to the Declaratory

Judgment Act, *28 U.S.C. 2201 and 2202.* This court has supplemental

*Filed by: D. L. Brown Esq; Pro Se*                    *U.S. Dist. Ct. Topeka, Ks.*

*U.S. Dist. Ct. Ks.*                    *42 U.S.C. 1983*                    *Deprivation of Rights*

jurisdiction over plaintiff's cause(s) of action(s) arising under the Kansas

state law pursuant to *28 U.S.C. 1367*.

4.  Venues lies in the United States District Court for the territory

of Kansas because each part of the events or omissions giving rise to

the plaintiff's claim(s) occurred in Saline Co. Kansas - *28 U.S.C.*

*1391(b)(2)*.

## **PARTIES**

5.  Plaintiff Dontray L. Brown is an adult citizen and current resident

of the city of Salina, Kansas. I, the plaintiff Dontray L. Brown am also

working on employment due to the lost of required credentials for

employment; being the result(s) of the unconstitutional procedure(s)

commenced.

6.  Defendant(s) Dist. Ct. Saline Co. Kansas - Jacob E. Peterson is

a judicial officer for the Dist. Ct. Saline Co. Ks. located at 300 W.

Ash St. Salina, Ks. 67401; in whom is still presiding.

*Filed by: D. L. Brown Esq; Pro Se*                    *U.S. Dist. Ct. Topeka, Ks.*

7.  Defendant(s) Dist. Ct. Saline Co. Kansas - Paul J. Hickman is

a judicial officer who is currently presiding at the location of 300 W.

Ash St. 67401; the judge of the civil division.

8.  Defendant(s) Dist. Ct. Saline Co. Kansas - Jared B. Johnson is a

judicial officer currently employed by the Dist. Ct. Saline Co. Kansas

at the location of 300 W. Ash. St. Salina, Ks. 67401.

9.  Defendant(s) John A. Reynolds of Reynolds Law Office is a

regularly practiced civil attorney, who is practicing from his office

located at 301 N. 9th St. Salina, Ks. 67401; phone number (785)

823-1333.

10.   Defendant(s) Ellen M. Turner is a resident and property

owner who resides in Salina, Ks. at the location of 2301 Grant Ct.;

Ms. and or Mrs. Turner is still renting property at this current time

at the location of 1810 Westwood Rd. Salina, Ks. 67401 (the

previous location of the stolen/owned mobile home by the plaintiff).

11.    Defendant(s) K.D.O.R. - Scott Reed #23747 is a resident of a

resident of Kansas and is currently practicing the Legal Services

Bureau Kansas Department of Revenue located at 915 SW Harrison,

2nd floor; Topeka, Ks. 66612-1588, telephone number (785) 296-

6856; Fax (785) 296-5213, and email address of Scott.reed@ks.gov.

12.    Defendant(s) Saline Co. Kansas Sheriff Dept. - Jane and or

John Doe is located at 800 E. Pacific Ave. Salina, Ks. 67401.

13.    Defendant(s) Dist. Ct. Saline Co. Kansas - Andrea Swisher is

a judicial officer currently employed by the Dist. Ct. Saline Co. Ks. and

presiding as judge at the location of 300 W. Ash St. Salina, Ks. 67401.

14.    Defendant(s) Dist. Ct. Saline Co. kansas - Amy Norton is

currently serving as a judicial officer for the Dist. Ct. of Saline Co.

Kansas; location of 300 W. Ash St. Salina, Ks. 67401.

15.    Defendant(s) Saline Co. Sheriff Dept. - transportation

officers Yates and Garcia are still currently employed with the

Saline Co. Sheriff Dept. located at 800 E. Pacific Ave. Salina, Ks.

67401.

16.    Defendant(s) Municipal Ct. of Salina, Ks. aka City of Salina -

Brenda K. Stoss is located at 255 N. 10th St. Salina, Ks. 67401; with

defendant(s) Brenda K. Stoss still presiding as the magistrate for the

Municipal court of Salina Ks. aka City of Salina.

17.    Kansas Chief Deputy Clerk of Court Mr. Anthony Bukaty

is a Kansas resident and still employed at 301 SW 10th Ave., Topeka,

Ks. 66612; phone number (785) 296-3229; note: "Mr. Anthony Bukaty

can be seen as a witness with testimony or confirmation of the Writ(s)

of Mandamus filed with the court, referenced numbers 125899 &

125969."

## **BACKGROUND**

18.    On the date of December 1st, 2021 charges were filed in

in Saline Co. Kansas Dist. Ct. (referenced docket 2021-CR-000977

*U.S. Dist. Ct. Ks.*                    *42 U.S.C. 1983*                    *Deprivation of Rights*

for Record of Actions); charging the plaintiff with multiple

felonies and a few misdemeanor offenses. The plaintiff was arrested

and detained following the filing of the complaint by one Detective

Garcia of the City of Salina police dept.. Upon the plaintiff being

transported to the police dept. and then there questioned by the

arresting officer Garcia; it was then that I made officer Garcia aware

of the alleged victim's drunken state, and that I was also keen on the

alleged "Jose Caballero's (fraudulent name of victim)" statement(s) in

reference to the lack of credentials and his newly arrived presence in

the United States of America.

19.     I began to assert my inquiries as to what the alleged

allegations or charges were that are filed against me; concluding with

stating "this process of criminal procedure may result in a lawsuit."

After further brief statements, I was transported to the Saline Co. Jail;

previous location of 255. N. 10th St. Salina, Ks. 67401; there I was

*U.S. Dist. Ct. Ks.*                    *42 U.S.C. 1983*            *Deprivation of Rights*

processed and held until the date of February 17th, 2022.

20.    On the date of January 20th, 2022; I the plaintiff had filed a

motion to proceed under the claims of indigency and address the

matter(s) Pro Se, attached was a Motion Waiving Appointed Counsel

and a Motion to Dismiss per the premises set forth in *8 U.S.C. 1182*

*"Inadmissible Alien(s) (6)(A)(i)(7)(A)(I)(II)* (filed date/time - Jan. 20th,

2022 12:50pm). Ultimately; the case was dismissed on the date of

February 17th, 2022 due to the alleged victim and or states witness

failure to appear on multiple occasions (related case number 2021-CR-

000977).

21.    May the record show, that although the state dismissed the

matter on the date of February 17th, 2022; defendant(s) Dist. Ct. Saline

Co. Kansas. - retired judge Patrick Thompson was made aware of the

violations of *"Due Process of Law per U.S. Const. 4th, 5th, 6th, &*

*14th Amd.,"* provided that the Motion to Dismiss had previously been

filed a month prior to the dismissal.  As noted; retired judicial officer

Patrick Thompson is no longer presiding; however, judicial officer

Jacob E. Peterson; a named defendant(s) in this action, was made aware

of the Notice of Claim filed March 13th, 2023 (the Notice of Claim was

filed pursuant to K.S.A. 12-105b(d)). I the plaintiff rest this instance by

stating; although judicial officer Jacob E. Peterson was not the initial

presiding judge over the criminal matter, he was made aware of the

Notice of claim being filed; and therefore "chose" to disacknowledge

the concerns; showing a response of denial or disregard to *"Due*

*Process of the Law." {see U.S. Const. 5th, 6th, & 14th Amd.}*

22.　　Following my release from Saline Co. Jail on the date of

February 17th, 2022; defendant(s) Dist. Ct. Saline Co. Ks. - Paul J.

Hickman and Saline Co. Ks. Sheriff Dept., Jane or John Doe , along

with defendant(s) John A. Reynolds of Reynolds Law Office and Ellen

M. Turner of Westwood Mobile Ct. began to cause injuries to my *U.S.*

*U.S. Dist. Ct. Ks.*            *42 U.S.C. 1983*            *Deprivation of Rights*

*Const. 5th, 6th, and 14th Amd..* On the date of February 22nd, 2022; a

notice to vacate the premises of 1810 Westwood Rd. Salina, Ks. 67401

was placed on my "owned" Manufactured and or Mobile Home; 1976

Cent HT Mobile Home, vin 14482. After receiving the notice; an "initial

hearing" to dispute the matter was scheduled for June 6th, 2022;

courtroom of Paul J. Hickman.

23.    On the date of May 3rd, 2022; multiple entries were made,

including an order for "Immediate Possession" of my mobile home;

which is in direct violation of the *U.S. Const. 4th, 5th, 6th, & 14th*

*Amd.,* being that my right to dispute the matter had been infringed upon

given the order of immediate possession. After frantically filing motions

under duress due to the hardships, emotional distress, mental anguish,

etc that such a said circumstance(s) creates; understanding that my

owned home had been taken from me unlawfully *{see U.S. Const. 4th*

*Amd. Seizure};* the defendants Dist. Ct. Saline Co. Ks. then ordered an

*Filed by: D. L. Brown Esq; Pro Se*            *U.S. Dist. Ct. Topeka, Ks.*

*U.S. Dist. Ct. Ks.*          *42 U.S.C. 1983*          *Deprivation of Rights*

entry of default judgment on August 5th, 2022. May the U.S. Dist. Ct.

of Ks. take under scope the conflict of interest in law that exists here, as

an order of possession cannot be granted May 3rd, 2022 with the

defendant later being found in default for failure to appear August 5th,

2022 (*referenced case number Ellen M. Turner v. Dontray Brown*

*2022-LM-000624*).

24.    Defendant(s) Dist. Ct. Saline Co. Ks. - Judicial officer Jared

B. Johnson; along with defendants John A. Reynolds, Ellen M. Turner,

and K.D.O.R. Scott Reed; decided that maybe it would be best to

reopen the matter under a new docket number. In a crafty yet malicious

attempt to cover pattern(s) or possible traces of any relative or

previously decided issue(s); the said defendant(s) disregarded all prior

orders made in the courtroom of Paul J. Hickman (case number  2022-

LM-000624) and opened docket number SA-2022-CV-000201. October

14th, 2022; Ellen M. Turner and her representing counsel John A.

*U.S. Dist. Ct. Ks.*            *42 U.S.C. 1983*            *Deprivation of Rights*

Reynolds filed a petition to quiet the title of the 1976 Cent HT Mobile

Home, vin 14482. October 25th, 2022; I filed for a Change in Venue

but erred in citing the correct law; while filing a Motion to deny

plaintiff's petition to quiet the title later the same day. On November

8th, 2022; K.D.O.R. submitted an answer to the petition to quiet the

title, denying the plaintiff's petition for lack of grounds to do so.

25.    December 15th, 2022; defendant(s) John A. Reynolds of

Reynolds Law Office, counsel for defendant(s) Ellen M. Turner -

Westwood Mobile Ct.; filed a return of service certificate on Melinda

L. Quintana (partial owner of the trailer but failed to appear in the

matter) stating Ms. and or Mrs. Quintana served via facsimile

transmission; but previously stated she may be served at 1810 Westwood

Rd. Salina, Ks. 67401 (note: this property was alleged to be seized May

3rd, 2022; prior to this instance). On the dates of January 10th, 12th, and

20th of 2022; three alleged conferences took place; I responded to with a

*U.S. Dist. Ct. Ks.*               *42 U.S.C. 1983*               *Deprivation of Rights*

filing January 30th, 2022 addressing the additional or alleged

conferences but received no response from the courts. On February

9th, 2023; an order of default judgment was entered, conveying as if no

defendant(s) appeared for defense in the dispute.

26.     I, the plaintiff in this *42 U.S.C. 1983 action*, and the only

defendant that was present in these heinous unconstitutional

procedure(s); did file a Motion to Stay Proceedings Feb 13th, 2023, a

Petition to Quiet Title March 17th, 2023,; with the defendant(s) John

A. Reynolds responding for his client Ellen M. Turner - Westwood

Mobile Ct. March 20th, 2023 and K.D.O.R. - Scott Reed responded on

the date of March 28th, 2023. March 28th - 29th of 2023; I filed a

subpoena for the production of document(s), to be produced by

defendant(s) K.D.O.R which would consist of a request for the title of

the mobile home, bill of sale, and all other document(s) that would

prove ownership of the mobile home in Dispute.

*Filed by: D. L. Brown Esq; Pro Se*               *U.S. Dist. Ct. Topeka, Ks.*

*U.S. Dist. Ct. Ks.*            *42 U.S.C. 1983*            *Deprivation of Rights*

26.  K.D.O.R. responded to the subpoena accordingly on the day

of March 31st, 2023; sending all necessary document(s) to defendant(s)

Dist. Ct. Saline Co. Ks. via fax; however, the court neither K.D.O.R. -

Scott Reed served a copy of these document(s) to me. A counterclaim

was then submitted with defendant(s) Dist. Ct. Saline Co. Kansas -

Jared B. Johnson on the date of April 24th, 2023, as well as a request for

Change in Venue; several more entries would be made by each party

involved; but none that would afford or extend the security of my

constitutional right(s) as an U. S. citizen.

27.  This matter came to its peak when I filed a Notice of Claim

pursuant to *K.S.A. 12-105b(d)* on April 1st, 2024; then later filed a

report of theft June 26th, 2024, followed by two subpoenas requesting

the production of the Journal Entry filed by John A. Reynolds, entered

on the record July 13th, 2023, and the production of a picture sent to

me through Smart Communication services while recently

*U.S. Dist. Ct. Ks.*          *42 U.S.C. 1983*          *Deprivation of Rights*

incarcerated (picture sent June 11th, 2024) that would show my

mobile home missing and the lot space being vacant and for rent.

28.  In furtherance of the background concerning these repetitive

dereliction(s) commenced by the governing body of Saline Co. Ks.;

defendant(s) Dist. Ct. Saline Co. Ks.- Andrea Swisher, and Amy Norton,

together with defendant(s) Saline Co. Ks. Sheriff Dept. - officer(s) Yates

and Garcia, also conspired against my right(s). On the date of April

25th, 2024; I was transported and or extradited from Erie, Pa. to Saline

Co. Jail, location of 800 E. Pacific Ave, Salina, Ks 67401; extradited by

the State of Kansas through defendant(s) Saline Co. Ks. Sheriff Dept.-

officer(s) Yates and Garcia.

29.  April 23rd, 2023; approx 3:00 am; I the plaintiff, was taking

from my cell in Erie Co. Prison located at 1618 Ash st. Erie, Pa. 16503;

and then transported to booking for discharge. I the plaintiff find it

necessary to state that I was held in Erie Co. Prison without any

detainer or hold on me from the warranting state Kansas (incarceration

dates of April 5th, 2024 - April 25th, 2024); which ultimately initiated

infringement to the right(s) of another person. An officer from

defendant(s) Saline Co. Ks. Sheriff dept. "John Doe," arrived to receive

me into custody for the state of Kansas; as stated above approx 3:00 am

the 1st incident transpired. After getting to booking and being told that

Kansas was almost there to pick me up for extradition; I began to assert

that I had no hold and or detainer lodged on me to even be in custody at

the time, so Kansas shouldn't be coming to transport me. The

defendant(s) Saline Co. Sheriff Dept.; John Doe, had shortly arrived

after my questioning the legality of the transfer of custody; in whom

I asked to produce a valid warrant. Once I asked John Doe for a valid

warrant, things began to become intense; the C/o of Erie, Co. Prison

began to have concerns about the warrant as well; and requested that

the extraditing officer would make effort to have a valid "state sealed,

*U.S. Dist. Ct. Ks.*          *42 U.S.C. 1983*          *Deprivation of Rights*

dated, and signed" warrant(s) by the issuing judge(s) faxed over.

30. Defendant(s) Saline Co. Sheriff Dept. - John Doe then started to place calls as requested, seeking to correct or address any issue(s) with the invalid warrant(s) that I, the Erie Co. Prison, and officer John Doe had copies of. After a brief conversation on the phone, officer John Doe speaks with Erie Co. Prison staff informing them that it was not possible to obtain a valid warrant; then officer John Doe returned to Ks. Following the event of April 23rd, 2024; the defendant(s) Saline Co. Ks. Sheriff Dept. - officer(s) Yates and Garcia arrived in Erie, Pa. to transport me back to Kansas, in which a dispute about the blank invalid complaint(s) and "not actual warrant(s)" ensued.

31. Upon their entrance, I asked if they were able to come out with an actual valid warrant(s) this time, and not some complaint(s) that are dressed up to appear as warrant(s); or can they present any warrant bearing the state seal, and an issuing judge(s) signature and date.

Officer(s) Yates and Garcia then became irate due to my inquiries

about the warrant(s) and or my awareness of proper procedure given

the established provision(s) outlined in *U.S. Const. 4th, 5th, & 14th*

*Amd., 18 U.S.C. 3182, Fed. R. Crim. P. 5 (c)(3)(B)(i), & K.S.A.*

*Chapter 22 article(s) 2703*. The defendant(s) Yates and Garcia voices

were getting more aggressive and their demeanor(s) became ruthless

sort of speaking; as one of the defendant(s) stated "you're getting in

that van whether we have to tie you up or whatever."

  32.  I assured the officer(s) that there would be no necessity to take

things to such extreme(s), as I had already been pepper sprayed by

Erie Co. Prison C/o approx 40 mins prior to the arrival of defendant(s)

Saline Co. Ks. Sheriff Dept. - Yates and Garcia. I neutralized and

calmed the situation by asking defendant Yates to turn all the page(s)

of the alleged warrant(s) toward(s) his body cam, and to singly go

through them to show no Kansas state seal was present, no actual

signature or date of signature for approval by any issuing authority

could be seen, and that the procedure was not compliant with the above

citations of law. After the defendant singly went through the pages with

them in vision of his body cam as I requested; we then loaded into the

van and came to Saline Co. Jail located in Salina, Ks.

33. Defendant(s) Dist. Ct. Saline Co. Ks. - Andrea Swisher and Amy

Norton were assigned to hear the matter(s) regarding the alleged

allegation(s) I was being charged with; with defendant Swisher being

the first judicial officer to hear the combined docket number(s) of

2022-CR-000299 and 2022-CR-000337. In brief of the questionable

procedure(s) taken by the defendant(s) in these instance(s); following

my first appearance April 29th, 2024, a Motion To Dismiss was

filed May 3rd, 2024 by myself, attached to that motion was a Waiver

of Counsel and Request to proceed Pro Se. I openly state that many

other motions were filed by me addressing and or making effort to

litigate the matter, however; keeping this segment short, judicial

officer Swisher was disqualified from the handling of my case due to

Conflict(s) of Interest (defendant Swisher was my appointed counsel in

an earlier case where I requested her removal as counsel was

ineffective). My constitutional rights were also invoke on the record

in the courtroom of defendant Andrea Swisher; in which once invoked,

She stated "I don't know why you did that but ok."

34. The defendant(s) and or judicial officer Amy Norton then

accepted the case in her courtroom, taking part in an unconstitutional

procedure; that ultimately resulted in the dismissal of docket number

2022-CR-000299, the filing of several motion(s) on the behalf of the

defendant and the state, resulting with not three but four amended

complaints from the state and an entry of no contest made by me

accepting the plea exchange of two Misdemeanor C class offenses

*{referenced case: 2022-CR-000337}*. This case was concluded

*U.S. Dist. Ct. Ks.*          *42 U.S.C. 1983*          *Deprivation of Rights*

August 2nd, 2024 with a Notice of Appeal being filed August 13th,

2024; this notice also asserted my request to consolidate two appeal(s)

per *Kan. R. App. P. 2.06(a)(1)(2) & Fed. R. Civ. Procedure 42(a);*

referenced appeal filed in both docket(s) 2022-CR-000299 and

2022-CR-000337, filing date June 26th, 2024.

35.  Municipal Ct. Salina Kansas aka City of Salina - Brenda K. Stoss,

another named defendant(s) in this action; has impaired my right(s) to

the *U.S. Const. 4th, 5th, 6th, & 14th Amd.* on several occasion(s). On the

date of September 30th, 2021; a Temporary PFA was placed on me by

plaintiff Melinda L. Quintana, process of service was commenced by

Saline Co. Sheriff Dept. and a hearing was scheduled for October 11th,

2021. October 5th, 2021 I was charged with a PFA violation for asking

the alleged plaintiff for my car to be returned from their custody.

October 11th, 2021; a hearing was held in the District Ct. Saline Co. Ks.;

courtroom of judicial officer Paul J. Hickman, a named defendant in this

*Filed by: D. L. Brown Esq; Pro Se*          *U.S. Dist. Ct. Topeka, Ks.*

claim. Once the hearing began and the judge called the name of the

alleged victim and or plaintiff, one Melinda L. Quintana three times; he

then entered an order to "dismiss the action of the PFA and vacate all ex

parte or any order(s) made in this case."

36.  May the record show that after the dismissal of this matter by the

Dist. Ct. Saline Co. Ks., judicial officer Paul J. Hickman; case number

2021-DM-000541-PF, I was arrested four times by the City of Salina

for PFA violation(s) and recently sentenced to 180 day(s). The 180

day(s) sentence imposed by defendant(s) Municipal Ct. Salina Kansas

aka City of Salina - Brenda K. Stoss was overturned by a Habeas

Corpus; a petition filed in the courtroom of Paul J. Hickman on the date

of June 25th, 2024. The defendant(s) Municipal Ct. Salina, Ks. aka City

of Salina - Brenda K. Stoss was made aware of this dismissal and order

to vacate further process first on February 9th, 2022 by submission onto

the record as evidence in the matter(s) of case number(s)

*U.S. Dist. Ct. Ks.*            *42 U.S.C. 1983*            *Deprivation of Rights*

2021-CRMO-01067, 2021-CRMO-01198, and 2022-CRMO-00323;

several more copies of the dismissal would be submitted with the court,

but to no avail was *"Due Process of the Law"* administered.

Defendant showed blatant disregard to Due Process as she allowed the

dismissals and orders to be used as evidence during the trial(s); whilst

knowing the entire time the procedure was unlawful. "This is not a

court of record Mr. Brown" — stated by defendant(s) Municipal Ct.

Salina Ks. aka City of Salina - Brenda K. Stoss.

  37. I, the plaintiff and or movant in this action, fear that red flags and

or signs of deprivation are existent in these instances; with possible

action(s) performed by government officials falling under *18 U.S.C.*

*241 & 242.* It is evident that some sense of prejudice, bias, and or

unjust administering of the law is at hand in each instance; to the least,

question(s) and concern(s) of *Due Process* and the conspiring against

the right(s) thereof. I also conclude by stating that a Notice of Claim

*U.S. Dist. Ct. Ks.*                    *42 U.S.C. 1983*                    *Deprivation of Rights*

has been filed in each of these docket(s) pursuant to *K.S.A. 12-105b(d)*;

requesting the minimum amount of $250,000 - the aggregated

amount(s) $500,000 per claim or whatever the appropriate court would

deem necessary for relief.

## COUNT I

*42 U.S.C. 1983 Against All Defendants Dist. Ct. Saline Co. Kansas,
Malicious Prosecution, Vexatious Litigation, Unlawful Detainment,
False Arrest, Wrongful Imprisonment, Violation of U.S. Const. 4th,
5th, 6th, 8th, & 14th Amd. & 18 U.S.C. 241 -
"Conspiracy Against Rights"*

38. Plaintiff re-alleges and incorporates by reference 1 - 34.

39. Plaintiff claims damages under *42 U.S.C. 1983* for the injuries

set forth above against all defendants named as "District Ct. Saline

Co. Kansas;" for multiple violation(s) of *4th, 5th, 6th, & 14th Amd.*

## COUNT II

*42 U.S.C. 1983 Against Saline Co. Sheriff Dept. Jane/John Doe,
False Arrest, Unlawful Detainment, Wrongful Imprisonment, & Violation
Of the U.S. Const. 4th, 5th, 6th, 8th, 14th Amd. & 18 U.S.C. 241 -
"Conspiracy Against Rights"*

*Filed by: D. L. Brown Esq; Pro Se*                    *U.S. Dist. Ct. Topeka, Ks.*

40. Plaintiff re-alleges and incorporates 1- 34.

41. Defendant(s) Jane and or John Doe commenced an unlawful seizure of property without *Due Process of Law per 4th, 5th, & 14th Amd. U.S. Const.*

## **COUNT III**

*42 U.S.C. 1983 Against defendants K.D.O.R. Scott Reed, Vexatious Litigation, Violation of U.S. 5th, 6th, 14th Amd. & 18 U.S.C. 241- "Conspiracy Against Rights"*

42. Plaintiff re-alleges and incorporates 23 - 27.

43. Defendants K.D.O.R. - Scott Reed had already denied defendant(s) John A. Reynolds of Reynolds Law Office and Ellen M. Turner of Westwood Mobile Ct. request to quiet the title of the disputed mobile home; but then later in a secret and or private conference; decides to go along with the unconstitutional proceedings.

## **COUNT IV**

*U.S. Dist. Ct. Ks.*                    *42 U.S.C. 1983*                    *Deprivation of Rights*

*Vexatious Litigation, Hardship, Mental Anguish, Breach of Contract*
*Legal Malpractice, Fraud, Theft by deception, Violation of U.S. 5th, &*
*14th Amd., & 18 U.S.C. 241 - "Conspiracy Against Rights" against*
*Defendant(s) John A. Reynolds And Ellen M. Turner*

44. Plaintiff re- alleges and incorporates 21 - 27.

45. Defendant(s) John A. Reynolds and Ellen M. Turner

disregarded all applicable laws of procedure; federal & local

rules, breaching the contract of the property lot and the unlawful

removal of the said Mobile Home, it also appears that some court

orders are signed and ordered by defendant(s) John A. Reynolds.

The rights of myself, the Plaintiff in this action were severed

beginning to end on each docket they appeared in.

## **COUNT V**

*42 U.S.C. 1983, False Arrest, Malicious Prosecution,*
*Unlawful Detainment, Wrongful Imprisonment, Violation of U.S. Const.*
*4th, 5th, 6th, 8th, & 14th Amd. & 18 U.S.C. 241 - "Conspiracy Against*
*Rights" Against Defendant(s) Dist. Ct. Saline Co. Ks. Andrea Swisher,*
*Amy Norton, and defendant(s) Saline Co. Ks. Sheriff Dept. Officers*
*Yates and Garcia*

*Filed by: D. L. Brown Esq; Pro Se*                    *U.S. Dist. Ct. Topeka, Ks.*

*U.S. Dist. Ct. Ks.*                    *42 U.S.C. 1983*                    *Deprivation of Rights*

46. Plaintiff re-alleges and incorporates 28 - 34

47. Defendant(s) Dist. Ct. Saline Co. Ks. judicial officer(s)

Andrea Swisher and Amy Norton were well aware of there being

no official order for my arrest by any presiding judicial officers. I

further state the same defendant(s) continued the unconstitutional

procedure whilst knowingly using a complaint as the arresting

warrant(s) for prosecution. Defendant(s) Saline Co. Ks. Sheriff Dept.

officer(s) Yates and Garcia arrived in the State of Pennsylvania

without procedural authority to do so; transporting me to Saline Co.

Jail without the necessary official document(s) required by the

Uniform Criminal Extradition Act - Agreement(s) on Detainer(s).

## **COUNT VI**

*42 U.S.C. 1983, False Arrest, Malicious Prosecution, False*
*Imprisonment, Unlawful Detainment, Violation of 4th, 5th, 6th, 8th,*
*14th Amd. & 18 U.S.C. 241 - "Conspiracy Against Rights"*
*Against Defendant(s) Municipal Ct. Salina, Ks. aka City Of Salina*
*- Brenda K. Stoss*

*U.S. Dist. Ct. Ks.*              *42 U.S.C. 1983*              *Deprivation of Rights*

48. Plaintiff re-alleges and incorporates 35 - 36.

49. Defendant(s) Municipal Ct. Salina, Ks. aka City of Salina Ks. - Brenda K. Stoss not only disregarded the order made in the Dist. Ct. Saline Co. Ks. regarding the PFA and it's dismissal; the magistrate proceeded with the trial(s) while allowing the dismissal order to be used as evidence of PFA violation(s).

## **PRAYER FOR RELIEF**

WHEREFORE; I, the Plaintiff respectfully request(s) this Court:

A. Order judgment in favor of Plaintiff and against defendant(s).

B. Enter an order declaring all defendant(s) conduct unconstitutional.

C. Permit the Plaintiff to proceed under the claims of indigency, waiving any warranted or initial filing fees; as the Plaintiff was extradited to Kansas without necessary employment credentials.

D. Award Plaintiffs Notice of Claims filed in each docket upon any finding of constitutional violations or Due Process.

*Filed by: D. L. Brown Esq; Pro Se*              *U.S. Dist. Ct. Topeka, Ks.*

E. Grant injunctive relief by the consolidation of these instances including the consolidation of the appeal filed in case number 2022-CR-000337 *per* 28 U.S.C. 1331, *8 U.S.C. 3231, & 8 U.S.C. 1329* when federal question(s) exist.

F. Allow the Plaintiff leave from *D. Kan. Rule 7.1*; permitting the excess of the 4 pages over the 30 page limit, 34 pages total, and leave from the Pro Se Litigant Prisoner Complaint form; as I the petitioner has adequately met the requirements & appropriate format when referring to the amended complaint(s).

G. Consider the premises outlined and set forth in *18 U.S.C. 241 - "Conspiracy Against Rights"* regarding the synchronized actions and or events of the defendants following my release *February 17th, 2022*, and the filing of the first Notice of Claim.

H. Waive States Immunity provided the cited governing rules of the Kansas Tort Claims Act (KTCA), making all defendants liable

for their actions and exempt from invoking the right to Immunity

given the malicious and blatant violation(s), and render Plaintiff

such other and further relief as may be just and proper under the

circumstances; included but not limited to appropriate injunctive

Relief {*see - 18 U.S.C. 242*}.

## **JURY TRIAL DEMANDED**

Plaintiff demands a jury trial pursuant to the Seventh Amd. of the

Constitution of the United States; as to all claims for damages.

Respectfully,

Name: Dontray L. Brown

Date: November 26th, 2024

Signed:

Esq; Pro Se

Mail: P.o. Box 43

Salina, Ks. 67402

Contact: (785) 787-1400

Seconadery: (785) 337 - 5006

Email: Yahelsion@gmail.com