IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONTRAY L. BROWN,

    **Plaintiff,**

    v.                                                   CASE NO. 24-3109-JWL

BRENDA K. STOSS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Saline County Jail in Salina, Kansas. Plaintiff is currently out of custody. On July 24, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 11) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 12), and on November 25, 2024, the Court entered a second Memorandum and Order to Show Cause (Doc. 16) ("MOSC 2") granting Plaintiff a final opportunity to submit a second amended complaint on the court-approved form to cure the deficiencies. Plaintiff has filed a Second Amended Complaint (Docs. 18, 19, 20, 21) and responses (Docs. 17 and 22) to the Court's MOSC 2.

The Court's screening standards are set forth in the MOSC, and the underlying factual allegations are set forth in detail in the MOSC 2. In his Second Amended Complaint, Plaintiff raises the same claims regarding his state criminal proceedings and quiet title proceedings for his mobile home.

1

The Court found in the MOSC 2 that despite the Court providing Plaintiff with the court-approved form and instructions for filing a § 1983 action, Plaintiff failed to submit his Amended Complaint on the court-approved form that was provided.  Despite the Court's order to submit his second amended complaint on the court-approved form, he again failed to do so.  In his Second Amended Complaint he seeks "leave from the Pro Se Litigant Prisoner Complaint form; as I the petitioner has [sic] adequately met the requirements & appropriate format when referring to amended complaint(s)."  (Doc. 18, at 33.)  The Court stated in the MOSC 2 that it "will give Plaintiff one last opportunity to submit an amended complaint on the court-approved form.  Any amended complaint must cure the deficiencies noted in the MOSC and this [MOSC 2]."  (Doc. 16, at 5.)  Plaintiff has failed to comply with the MOSC 2 and has failed to submit his Second Amended Complaint on the Court-approved form as required by D. Kan. Rule 9.1(a).

Plaintiff has also failed to cure the deficiencies noted in the MOSC 2.  The Court found in the MOSC that the defendant judges are entitled to personal immunity.  The Court stated in the MOSC 2 that "[d]espite the Court's findings in the MOSC that the three judges named in Plaintiff's original Complaint were entitled to judicial immunity, Plaintiff names six state court judges as defendants in his Amended Complaint."  (Doc. 16, at 6.)  Plaintiff's Second Amended Complaint continues to name the six state court judges as defendants.   Nothing in the Second Amended Complaint suggests that any of the judges were acting outside of their judicial capacity.

The Court found in the MOSC 2 that Plaintiff also names as defendants a private citizen (Ellen M. Turner) and her attorney (John A. Reynolds), who were involved in his state proceedings to quiet title.  Plaintiff's claims against Turner and Reynolds relate to Case No. SA-2022-CV-000201 in the District Court of Saline County, Kansas, seeking to quiet the title on the

1976 Cent HT mobile home.  The Petition to Quiet Title was filed by Defendant Turner, and Defendant Reynolds represented Turner in the action.  The Kansas Department of Revenue was also named as a defendant in the action, and it was represented by Scott Reed—whom Plaintiff has also named as a defendant in this civil rights case.  On July 13, 2023, the Saline County District Court entered a Journal Entry finding that the case was previously decided on February 8, 2023, and that the defendants "have never filed any motion to set aside or a motion to reconsider or appeal of the Court's ruling."  The Journal Entry also dismissed the Petition for Quiet Title and Motion for Default Judgment filed by Plaintiff.  The docket for Case No. SA-2022-CV-000201 reflects that the case is "post judgment" and does not reflect an appeal by Plaintiff or any other indication that the ruling has been set aside.  Plaintiff continues to name these same defendants in his Second Amended Complaint.

The Court also advised Plaintiff in the MOSC that any claim challenging his state sentence is not cognizable in a § 1983 action.  To the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).  "Before a federal court

may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not shown that his criminal conviction has been overturned.

Plaintiff also alleges that a detainer lacked a proper seal or signature, but does not explain how the detainer violated his constitutional rights.[1] An attack on his detainer would also be barred by *Heck*. *See McKee v. Denning*, 2018 WL 398460, at *3 (D. Kan. 2018) ("If Plaintiff

---

[1] Plaintiff has submitted what he alleges are the documents used to extradite him back to Kansas. *See* Doc. 19. The Arrest Warrants are signed by Judge Patrick H. Thompson and Judge Jared B. Johnson. *Id*. at 8, 10.

has been convicted and a judgment on Plaintiff's illegal detainer claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*."); *see also Moody v. LaValley-Hill*, 2021 WL 4745198, at *3 (E.D. Pa. 2021) ("Furthermore, to the extent [a plaintiff] seeks damages for harm caused by the detainer, those claims are not currently cognizable in a § 1983 action because success on those claims would imply the invalidity of the detainer, which has not yet been invalidated through proper channels.") (citing *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also McBride v. O'Brien*, 646 F. App'x 277, 278 (3d Cir. 2016) (*per curiam*) ("To the extent that McBride alleges that his confinement on the detainer violates federal law, a favorable outcome would necessarily demonstrate the invalidity of his detention."); *Jackson v. Alt*, 236 F. App'x 850, 851 (3d Cir. 2007) (*per curiam*) (plaintiff who sought damages for alleged due process and equal protection violations arising from what he views as the improper issuance of a parole violator warrant, and the lodging of that warrant as a detainer, could not proceed under § 1983 because he has not successfully challenged the warrant in any state or federal proceeding) (citing *Heck*, 512 U.S. at 487); *Munofo v. Alexander*, 47 F. App'x 329, 331 (6th Cir. 2002) ("Munofo's § 1983 claim is not cognizable under *Heck* because 'a judgment in favor of the plaintiff would necessarily imply the invalidity' of the parole detainer at issue here."); *Antonelli v. Foster*, 104 F.3d 899, 900-01 (7th Cir. 1997) (*Heck* applied to damages suit for arrest based on federal parole violator warrant); *Zavalunov v. White*, Civ. A. No. 18-2438, 2020 WL 754415, at *6 (M.D. Pa. Feb. 13, 2020) (*Heck* "applies [to] detainer actions")).

Plaintiff was ordered to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC and MOSC 2, or to file a proper second

amended complaint on the court-approved form to cure the deficiencies. Plaintiff's Second Amended Complaint fails to cure the deficiencies.

Plaintiff's responses also fail to show good cause why this matter should not be dismissed. In one of his responses (Doc. 17), Plaintiff argues that the Court erred in applying qualified immunity. However, the Court's findings in the MOSC and MOSC 2 were not based on qualified immunity. In his other response (Doc. 22) Plaintiff argues that the state courts have had opportunities to resolve these matters but "they have responded with further disregard to "Due Process," demonstrating actions of bias, unjust, and prejudice through intimidation . . .." (Doc. 22, at 2.) Plaintiff asks this Court to overturn his two misdemeanor convictions. *Id.* "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).

Plaintiff references the Kansas Tort Claims Act (Doc. 18, at 3), breach of contract (Doc. 22, at 5), and failure to comply with Kansas Statutes (Doc. 18, at 4). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff has failed to allege a federal claim. *See* 28 U.S.C. § 1367(c)(3); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation). Therefore, the Court declines to exercise supplemental jurisdiction over any state law claims.

The Court's MOSC 2 provides that "[i]f Plaintiff does not file a proper second amended complaint on the court-approved form within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice." (Doc. 16, at 12.)

Plaintiff's Second Amended Complaint fails to cure the deficiencies and Plaintiff has failed to show good cause why this matter should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 23, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**