IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONTRAY L. BROWN,

    **Plaintiff,**

    v.                                                           CASE NO. 24-3109-JWL

BRENDA K. STOSS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Saline County Jail in Salina, Kansas. Plaintiff is currently out of custody. On July 24, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 11) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies. Plaintiff filed an Amended Complaint (Doc. 12), and on November 25, 2024, the Court entered a second Memorandum and Order to Show Cause (Doc. 16) ("MOSC 2") granting Plaintiff a final opportunity to submit a second amended complaint on the court-approved form to cure the deficiencies. Plaintiff filed a Second Amended Complaint (Docs. 18, 19, 20, 21) and responses (Docs. 17 and 22) to the Court's MOSC 2. On December 23, 2024, the Court entered a Memorandum and Order (Doc. 23) dismissing this case for failure to state a claim. This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. 25).

Plaintiff argues, without explanation, that the dismissal "blatantly shows either errors by the courts, or an extreme prejudice that condones & upholds injustice(s)." (Doc. 25, at 2–3.) Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will

1

treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete*, 204 F.3d at 1012.  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).  "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff has failed to show an intervening change in the controlling law, the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or the need to correct clear error or prevent manifest injustice.  Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet

the standard required for this Court to alter or amend its December 23, 2024 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider (Doc. 25) is **denied.**

**IT IS SO ORDERED**.

**Dated January 3, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**