FILED  
United States Court of Appeals  
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

February 11, 2025

Christopher M. Wolpert  
Clerk of Court

_____

DONTRAY L. BROWN,

    Plaintiff - Appellant,

v.

BRENDA K. STOSS; PAUL J. HICKMAN; JACOB E. PETERSON; JARED B. JOHNSON; JOHN A. REYNOLDS; ELLEN M. TURNER; SCOTT REED; JOHN OR JANE DOE; ANDREA SWISHER; AMY NORTON; (FNU) YATES; (FNU) GARCIA; ANTHONY BUKATY,

    Defendants - Appellees.

No. 25-3000  
(D.C. No. 5:24-CV-03109-JWL)  
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Dontray Brown appeals from an order of the district court dismissing his second amended 42 U.S.C. § 1983 civil rights complaint. In a set of thorough and patient orders, the district court identified legal flaws in Brown's original and first amended complaints and gave Brown opportunities to state valid legal claims. *See* Dist. Ct. Dkt. No. 11 (entered July 24, 2024); Dist. Ct. Dkt. No. 16 (entered Nov. 25, 2024). When Brown's second amended complaint failed to correct the identified errors, the district court dismissed Brown's action for failure to state a claim. *See* Dist. Ct. Dkt. No. 23 (entered Dec. 23, 2024). The district court concluded the defendant state-court judges were entitled to absolute immunity because the second amended complaint failed to plausibly allege any judge acted clearly without any colorable claim of jurisdiction. *See* Dist. Ct. Dkt. No. 23, at 2; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). It further concluded Brown's second amended complaint failed to plausibly allege that any of the private individual defendants identified in the complaint acted under color of state law. *See* Dist. Ct. Dkt. No. 23, at 2-3 *See West v. Atkins*, 487 U.S. 42, 48 (1988). Finally, the district court ruled that each of Brown's § 1983-based challenges to the validity of his state-court convictions and detentions, including those seeking monetary damages, was barred by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994). *See* Dist. Ct. Dkt. No. 23, at 3-5.

Brown's appellate brief fails to meaningfully address the district court's thorough legal reasoning. The Federal Rules of Appellate Procedure require all appellants to provide an argument containing the "appellant's contentions and the

reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Rule 28 "applies equally to pro se litigants," and requires "more than a generalized assertion of error, with citations to supporting authority." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (quotation omitted). "[W]hen a pro se litigant fails to comply with [Rule 28], [this court] cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* (quotation omitted). Brown's appellate brief makes no mention of absolute judicial immunity, the requirement for state action, or *Heck*. By failing to grapple with the legal bases upon which the district court dismissed his complaint, Brown has waived appellate review.

This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRMS** the district court's order of dismissal.

                                              Entered for the Court

                                              Michael R. Murphy
                                              Circuit Judge